IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JAVON LAMONT ARRINGTON, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 7:22-cv-00743 |
| SGT. A. MULLINS, et al., | ) By: Elizabeth K. Dillon |
| | )   United States District Judge |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Javon Lamont Arrington, a Virginia inmate proceeding *pro se*, has filed this civil rights action pursuant to 42 U.S.C. § 1983. (Dkt. No. 1.) On April 17, 2023, Arrington filed a form from Virginia state court titled "Petition for a Protective Order" and a supporting affidavit, which have been docketed as a motion for preliminary injunction. (Dkt. Nos. 11, 12.) The court directed Sgt. Mullins to file a response to the motion, which has been received. (Dkt. Nos. 16, 17.) Because Arrington's motion raises claims that are separate from the allegations in his complaint, his motion for preliminary injunctive relief will be denied.

In his complaint, Arrington alleges that on September 22, 2022, Sgt. Mullins strip-searched him in a manner that violated his constitutional rights. Arrington also alleges that he filed grievances related to conduct occurring between December 9, 2022, until December 13, 2022, and he did not receive any response to his grievances. In his motion for a preliminary injunction, Arrington complains that on March 29, 2023, an officer named Mullins (not Sgt. Mullins) harassed and threatened him, stating that Arrington should drop his lawsuit against Sgt. Mullins. (Dkt. No. 11 at 2.) Arrington also claims that his legal mail is being tampered with and

that his grievances and complaints are being ignored. He requests a transfer to a different facility. (*Id.*)

A preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Defense Council, Inc.*, 555 U.S. 7, 22 (2008). A plaintiff seeking such relief "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20.

The plaintiff must also "establish a relationship between the injury claimed in the [plaintiff's] motion and the conduct asserted in the complaint." *Omega World Travel v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997). "This requires a sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015). A preliminary injunction "may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action." *Omega World Travel*, 111 F.3d at 16. "Though new assertions of misconduct might support additional claims against a defendant, they do not support preliminary injunctions entirely unrelated to the conduct asserted in the underlying complaint." *Pac. Radiation Oncology*, 810 F.3d at 636; *see also Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (affirming the denial of a motion for preliminary injunction that was based on new assertions of retaliation that were "entirely different from the claim raised and the relief requested in the inmate's inadequate medical treatment lawsuit").

Applying these standards, Arrington's motion does not address any of the requirements set forth in *Winters*. Moreover, his motion does not seek to prevent harm caused by the conduct asserted in the underlying complaint. Instead, the motion is based on incidents that allegedly occurred after the instant action was filed. These new allegations are unrelated to the conduct described in the complaint and, therefore, cannot provide the basis for a preliminary injunction in this lawsuit. *See Nealson v. Blankenship*, Civil Action No. 7:23-cv-00071, 2023 WL 2776069, at *1 (W.D. Va. Apr. 4, 2023) (denying motion for preliminary injunction because "[t]hese new allegations, while undoubtedly troubling, are not clearly related to the conduct described in the complaint") (citing *Devose*, 42 F.3d at 471).

It is HEREBY ORDERED that Arrington's motion for a preliminary injunction (Dkt. No. 11) is DENIED.

The Clerk is DIRECTED to provide a copy of this memorandum opinion and order to all counsel of record and to Arrington.

Entered: October 12, 2023.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge